IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC  20530,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly

requests records from federal agencies, analyzes the responses it receives, and disseminates its findings to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue N.W., Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 14, 2021, the U.S. Department of Justice issued a press release stating, "The U.S. Attorney's Office for the District of Columbia and the Civil Rights Division of the U.S. Department of Justice will not pursue criminal charges against the U.S. Capitol Police officer involved in the fatal shooting of 35-year-old Ashli Babbitt, the Office announced today."

6. To learn more about the Justice Department's decision not to pursue criminal charges, Plaintiff submitted FOIA requests to the U.S. Attorney's Office and the Civil Rights Division.

EOUSA Request

7. On April 14, 2021, Plaintiff sent a FOIA request to the Executive Office for United States Attorneys, a component of Defendant, seeking access to:

> 1. All records, including but not limited to investigative reports, photographs, witness statements, dispatch logs, schematics, ballistics, and video footage, concerning the January 6, 2021 death of Ashli Babbitt in the Capitol Building.
>
> 2. All draft and final prosecution declination memoranda related to the death of Ashli Babbitt.
>
> 3. All Office of the US Attorney for the District of Columbia officials' electronic communications concerning Ashli Babbitt and the investigation of her death.

8.     The time frame of the records request was identified as January 6, 2021 to the present.

9.     By letter dated June 24, 2021, EOUSA informed Plaintiff that it was fully denying Plaintiff's request.

10.    By email dated July 19, 2021, Plaintiff administratively appealed EOUSA's final determination to the Office of Information Policy, also a component of Defendant.

11.    By letter dated August 11, 2021, OIP affirmed Plaintiff's administrative appeal.

<u>Civil Rights Division Request</u>

12.    On April 14, 2021, Plaintiff served a separate FOIA request to the Civil Rights Division, another component of Defendant, seeking access to:

    1.     All records, including but not limited to investigative reports, photographs, witness statements, dispatch logs, schematics, ballistics, and video footage, concerning the January 6, 2021 death of Ashli Babbitt in the Capitol Building.

    2.     All draft and final prosecution declination memoranda related to the death of Ashli Babbitt.

    3.     All DOJ Civil Rights Division officials' electronic communications concerning Ashli Babbitt and the investigation of her death.

13.    The time frame of the records request was identified as January 6, 2021 to the present.

14.    On April 19, 2021, the Civil Rights Division acknowledged receipt of Plaintiff's request and advised Plaintiff that it had been assigned case number FOI/PA No. 21-00185-F.

15.    By letter dated May 20, 2021, the Civil Rights Division informed Plaintiff that it did not independently generate any records responsive to Plaintiff's request and therefore did not consider any responsive records to be the property of the Civil Rights Division.  The Civil Rights

Division also suggested that Plaintiff submit FOIA requests to the Metropolitan Police Department, the Federal Bureau of Investigation, and the EOUSA.

16. By email the same day, Plaintiff administratively appealed the Civil Rights Division's determination to OIP.

17. By letter dated July 23, 2021, OIP informed Plaintiff that, as a result of discussions between the Civil Rights Division and OIP, it was remanding the request to the Civil Rights Division for further processing.

18. As of the date of this Complaint, Plaintiff has not received any further communications from OIP or the Civil Rights Division about the processing of Plaintiff's FOIA request, including (i) determining whether to comply with Plaintiff's request; (ii) notifying Plaintiff of any such determination or the reasons therefor; (iii) advising Plaintiff of the right to appeal any adverse determination; or (iv) producing the requested records or otherwise demonstrate that the requested records are exempt from production.

FBI Request

19. Following the suggestion by the Civil Rights Division, on May 20, 2021, Plaintiff submitted a FOIA request to the FBI, another component of Defendant, seeking access to:

> 1. All records, including but not limited to investigative reports, photographs, witness statements, dispatch logs, schematics, ballistics, and video footage, concerning the January 6, 2021 death of Ashli Babbitt in the Capitol Building.
>
> 2. All FBI officials' electronic communications concerning Ashli Babbitt and the investigation of her death. The time frame for the requested records is January 6, 2021 to the present.

20. The time frame of the records request was identified as January 6, 2021 to the present.

21.     On June 1, 2021, the FBI acknowledged receipt of Plaintiff's request and advised Plaintiff that it had been assigned FOIAPA Request Number 1497581-000.

22.     As of the date of this Complaint, the FBI has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

23.     Plaintiff realleges paragraphs 1 through 22 as if fully stated herein.

24.     Defendant is in violation of FOIA.

25.     Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

26.     Plaintiff has no adequate remedy at law.

27.     Because Defendant affirmed Plaintiff's administrative appeal of EOUSA's final determination, Plaintiff has exhausted its administrative appeal remedies.

28.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request to the Civil Rights Division by August 20, 2021 at the latest.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

29. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request to the FBI by June 29, 2021 at the latest.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 20, 2021

Respectfully submitted,

*/s/ Michael Bekesha*
Michael Bekesha (D.C. Bar No. 995749)
JUDICIAL WATCH, INC.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel:  (202) 646-5172
Fax:  (202) 646-5199
Email: mbekesha@judicialwatch.org

*Counsel for Plaintiff*