# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:21-cv-2462 (CJN) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the U.S. Department of Justice ("DOJ"), answers Plaintiff's Complaint, ECF No. 1, in correspondingly numbered paragraphs:

The first paragraph, which is unnumbered, contains Plaintiff's characterization of this lawsuit, to which no response is required.

1. The allegations in this paragraph consist of legal conclusions regarding jurisdiction, to which no response is required.

2. The allegations in this paragraph consist of legal conclusions regarding venue, to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. For the first sentence, Defendant admits that DOJ is an agency of the U.S. Government that is located at 950 Pennsylvania Avenue NW, Washington, DC 20530. The

allegations in the second sentence consist of legal conclusions, to which no response is required.

5. Admitted. Defendant respectfully refers the Court to the April 14, 2021 press release for a full and accurate statement of its contents.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Admitted. Defendant respectfully refers the Court to the Freedom of Information Act ("FOIA") request dated April 14, 2021, for a full and accurate statement of its contents.

8. Defendant admits that the timeframe for the FOIA request was identified as January 6, 2021, to April 14, 2021 (not the present). Defendant respectfully refers the Court to the FOIA request dated April 14, 2021, for a full and accurate statement of its contents.

9. Admitted. Defendant respectfully refers the Court to the Executive Office for United States Attorneys's letter dated June 24, 2021, for a full and accurate statement of its contents.

10. Admitted. Defendant respectfully refers the Court to Plaintiff's email dated July 19, 2021, for a full and accurate statement of its contents.

11. Admitted. Defendant respectfully refers the Court to the Office of Information Policy's letter dated August 11, 2021, for a full and accurate statement of its contents.

12. Admitted. Defendant respectfully refers the Court to the FOIA request dated April 14, 2021, for a full and accurate statement of its contents.

13. Admitted. Defendant respectfully refers the Court to the FOIA request dated April 14, 2021, for a full and accurate statement of its contents.

14. Admitted. Defendant respectfully refers the Court to the Civil Rights Division's letter dated April 19, 2021, for a full and accurate statement of its contents.

15. For the first sentence, Defendant admits that, by letter dated May 20, 2021, the Civil Rights Division informed Plaintiff that it "did not independently generate any documents pertaining to the death of Ashli Babbitt and surrounding investigations" and that, per DOJ regulation, "records are considered to be the property of the originating components for purposes of processing materials in response to FOIA requests." For the second sentence, Defendant admits that, in the same May 20, 2021 letter, the Civil Rights Division noted that Plaintiff "may therefore wish to direct [its] request to the Metropolitan Police Department, Federal Bureau of Investigation and the U.S. Attorney's Office." Defendant denies the remaining allegations in this paragraph. Defendant respectfully refers the Court to the Civil Rights Division's letter dated May 20, 2021, for a full and accurate statement of its contents.

16. Admitted. Defendant respectfully refers the Court to Plaintiff's email dated May 20, 2021, for a full and accurate statement of its contents.

17. Admitted. Defendant respectfully refers the Court to the Office of Information Policy's letter dated July 23, 2021, for a full and accurate statement of its contents.

18. Admitted.

19. For the first clause of the first sentence in this paragraph, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. For the remaining allegations in this paragraph, admitted. Defendant respectfully refers the Court to the FOIA request dated May 20, 2021, for a full and accurate statement of its contents.

20. Admitted. Defendant respectfully refers the Court to the FOIA request dated May 20, 2021, for a full and accurate statement of its contents.

21. Admitted. Defendant notes that, by separate letter dated June 1, 2021, the Federal Bureau of Investigation provided Plaintiff with a second FOIPA Request Number, 1497446-000.

Defendant respectfully refers the Court to the Federal Bureau of Investigation's June 1, 2021 communications for a full and accurate statement of their contents.

22. Denied as to clauses (i), (ii), and (iii); admitted as to clause (iv). Defendant respectfully refers the Court to the Federal Bureau of Investigation's four communications, all dated June 1, 2021, for a full and accurate statement of their contents.

23. Defendant incorporates by reference its answers to paragraphs 1 through 22.

24. The allegations in this paragraph consist of legal conclusions, to which no response is required.

25. The allegations in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, denied.

26. The allegations in this paragraph consist of legal conclusions, to which no response is required.

27. The allegations in this paragraph consist of legal conclusions, to which no response is required.

28. The allegations in this paragraph consist of legal conclusions, to which no response is required.

29. The allegations in this paragraph consist of legal conclusions, to which no response is required.

The remaining paragraph of the Complaint contains Plaintiff's requested relief, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in the remaining paragraph of the Complaint and notes that Plaintiff is not entitled to any relief.

Defendant denies all allegations in the Complaint not expressly admitted or denied.

**Defense**

Plaintiff is not entitled to compel production of information exempt from disclosure under the FOIA.

Dated: October 25, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Bradley Craigmyle*
BRADLEY CRAIGMYLE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 11216
Washington, D.C. 20005
Telephone: (202) 616-8101
Facsimile: (202) 616-8460
Bradley.T.Craigmyle@usdoj.gov

*Counsel for Defendant*